UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA W. WALL, | ) |
| Plaintiff, | ) No. CV-O7-076-CI |
| | ) |
| SPOKANE COUNTY, WASHINGTON, *et al.*, | ) ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR DISMISSAL OF ALL STATE CLAIMS |
| Defendants. | ) |

Before the court is Defendants' Motion for Partial Summary Judgment pursuant to FED. R. CIV. P. 56 and dismissal of all aspects of the case except the claim under 42 U.S.C. § 1983. (Ct. Rec. 17.) Defendants are represented by James H. Kaufman, Spokane County Senior Deputy Prosecutor. Plaintiff is represented by attorney Richard D. Wall. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 12.)

Plaintiff filed a Complaint on March 13, 2007, alleging civil rights violations and claims under state law. (Ct. Rec. 1.) Defendants argue that this court does not have jurisdiction over pendent state claims because Plaintiff filed her lawsuit in federal court prior to the expiration of the sixty-day waiting period required by state law governing tort claims against local

ORDER GRANTING, IN PART, DEFENDANTS'
MOTION FOR DISMISSAL OF ALL STATE CLAIMS - 1

governmental entities.[1]

Citing *Troxell v. Rainier Public School Dist. No. 307*, 154 Wn.2d 345 (2005), Defendants ask the court to dismiss all pendent state claims with prejudice. (Ct. Rec. 17 at 6.) In *Troxell*, the Washington Supreme Court affirmed the trial court's dismissal *with prejudice* of plaintiff's tort claims because she commenced her tort action before the required sixty-day period had expired, as required by RCW 4.96.020(4). In *Troxell*, however, the three-year statute of limitations had run on the plaintiff's tort claim. *Id.* at 349.

Plaintiff concedes that this court lacks jurisdiction over her state law claims because the sixty-day period had not run prior to her filing the lawsuit in this court; she does not object to dismissal of her state law claims, but contests Defendants' assertion that the state claims should be dismissed with prejudice. (Ct. Re. 24 at 1.) Plaintiff does not concede, and Defendants do not allege, that the statute of limitations has run on the Plaintiff's state law claims. Defendants do not allege prejudice if Plaintiff's state law claims are dismissed without prejudice, and offer no authority for the proposition that the state claims should be dismissed with prejudice before the federal claim has been decided. Accordingly, Plaintiff's state law claims are dismissed without prejudice. *See, e.g., United States v. Webb*, 655 F.2d 922,

---

[1] RCW 4.96.020 (4):

No action shall be commenced against any local governmental entity . . . for damages arising out of tortuous conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of time limitations within which an action must be commenced shall be tolled during the sixty-day period.

ORDER GRANTING, IN PART, DEFENDANTS'
MOTION FOR DISMISSAL OF ALL STATE CLAIMS - 2

980 (9th Cir. 1981); *James v. Pliler*, 269 F.3d 1124 (9th Cir. 2001). Accordingly,

   **IT IS ORDERED:**

   1.   Defendants' Motion (**Ct. Rec. 17**) is **GRANTED IN PART**;

   2.   Plaintiff's state law claims are dismissed without prejudice;

   3.   Plaintiff's claim under 42 U.S.C. § 1983 shall proceed consistent with the dates in the court's scheduling order entered on August 24, 2007.  (Ct. Rec. 16.)

   The District Court Executive is directed to enter this Order and furnish copies to counsel for Plaintiff and Defendants.

   DATED November 14, 2007.


                     S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE